NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0034n.06

No. 13-1636

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 15, 2014
DEBORAH S. HUNT, Clerk

PETER SHAREEF ARABO,                    )
                                        )
        Plaintiff-Appellant,            )
                                        )        ON APPEAL FROM THE UNITED
v.                                      )        STATES DISTRICT COURT FOR
                                        )        THE EASTERN DISTRICT OF
GREEKTOWN CASINO, LLC, et al.,          )        MICHIGAN
                                        )
        Defendants-Appellees.           )
                                        )


BEFORE:  MERRITT, SUTTON, and STRANCH, Circuit Judges.


PER CURIAM.   Peter Shareef Arabo appeals the district court's dismissal of his constitutional claims against MGM Grand Detroit, LLC (MGM Grand), the Michigan Gaming Control Board (MGCB), and Amy Brannan.  We affirm.

Arabo, an admitted card counter, was barred from MGM Grand and another Detroit casino, Greektown Casino, LLC (Greektown), based on two separate incidents.  Claiming constitutional violations, national origin discrimination, and state-law torts, Arabo filed a complaint against the casinos and their employees, the City of Detroit and its police officers and other employees, and MGCB and its employees, including Brannan.  MGM Grand, MGCB, and Brannan moved to dismiss Arabo's claims against them for failure to state a claim upon which relief can be granted.  The district court granted their motions.  After the district court entered a final stipulated order disposing of his remaining claims, Arabo appealed the dismissal of his constitutional claims against MGM Grand, MGCB, and Brannan.

We review de novo the district court's dismissal for failure to state a claim. *Kolley v. Adult Protective Servs*., 725 F.3d 581, 585 (6th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court properly dismissed Arabo's constitutional claims against MGM Grand and its employees because they did not act under color of state law. "To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). This court has rejected Arabo's argument that pervasive gaming regulation transforms casinos and their employees into state actors. *See Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 831 n.9 (6th Cir. 2007). There is no support for Arabo's argument that gaming is a public function traditionally reserved to the state. *See Romanski v. Detroit Entm't, LLC*, 428 F.3d 629, 636 (6th Cir. 2005) ("Under the public function test, a private entity is said to be performing a public function if it is exercising powers traditionally reserved to the state, such as holding elections, taking private property under the eminent domain power, or operating a company-owned town.").

Arabo claimed that MGCB denied him due process by failing to provide a post-deprivation remedy for obtaining the return of his property from Greektown. Arabo alleged that, after a dispute arose at the blackjack table where he was playing at Greektown on March 6, 2010, he "removed his bets which he in good faith believed to be his property." (PageID# 15). Claiming that Arabo's bets belonged to the casino, Greektown employees physically blocked

him from leaving the casino, forcefully seized him, and then transferred his custody to the police, who released him after an investigation. Months later, Arabo was charged with larceny in a building and ultimately acquitted. Despite Arabo's otherwise detailed factual allegations, the complaint is unclear as to whether Greektown employees actually took the chips from him. Assuming that the chips were taken and that Arabo had a protected property interest in those chips, MGCB did not deprive him of that interest – Greektown did. *See Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 140-41 (6th Cir. 1997) ("The Fourteenth Amendment prohibits *state actors* from depriving an individual of life, liberty, or property without due process of law." (emphasis added)).

Next, Arabo alleged that MGCB denied him equal protection by delegating to casinos "the arbitrary power to exclude, the power to shuffle at will, and the power to unilaterally adjudicate gaming disputes," subjecting him "to arbitrary, capricious, and irrational actions by" Greektown and MGM Grand. (PageID# 30). "To state an equal protection claim, a plaintiff must adequately plead that *the government* treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (emphasis added) (internal quotation marks omitted). Arabo argued that the casinos subjected him and other "advantage players" to disparate treatment, but failed to allege that MGCB itself treated "advantage players" differently.

Finally, Arabo alleged that Brannan, MGCB's regulations officer assigned to Greektown, responded to his inquiry about whether he could return to Greektown in light of his acquittal and advised him that he was banned from the casino "because he 'stole chips'" and "because he was an 'advantage player.'" (PageID# 25). The district court correctly held that Arabo failed to

allege that Brannan herself did anything to violate his constitutional rights other than convey this information.  *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

For the foregoing reasons, we affirm the district court's dismissal of Arabo's constitutional claims against MGM Grand, MGCB, and Brannan.